IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JOSE LUIS ENCARNACION RODRIGUEZ

MARIA ANTONIA QUILES BARRIOS

CASE NO. 11-09787 BKT

Chapter 13

XXX-XX-8080

XXX-XX-7144

**FILED & ENTERED ON 07/06/2012**

Debtor(s)

OPINION & ORDER

Before the court is the Chapter 13 Trustee's (the "Trustee") Objection to Exemptions (the "Objection")(Dkt. No. 15), Debtors' response to Trustee's Objection to Debtor's Claim for Exemptions (Dkt. No.21), Trustee's Memoranda of Law on Homestead Controversy (Dkt. No.34), Trustee's Supplement to Memoranda of Law (Dkt. No. 36), and Debtors' Supplemental Response to Trustee's Objection to Debtor's Claim for Exemptions(Dkt. No. 47). The Trustee argues that under the Puerto Rico Home Protection Act No. 195, enacted on September 13, 2011 (in Spanish titled "Ley del Derecho de la Protección del Hogar Principal y el Hogar Familiar", referred to herein as the "PR Home Protection Act"), the homestead exemption claimed by Debtors' is inapplicable to bankruptcy cases. Therefore, the Trustee requests that Debtors' claim for exemptions under the PR Home Protection Act be disallowed. For the reasons set forth below, the Objection to Exemptions is GRANTED and Debtor's claim for homestead exemption pursuant to the PR Home Protection Act is DENIED.

**I.    Factual Background**

On November 11, 2011 Debtors, José Luis Encarnación Rodríguez andMaría Antonia Quiles Barrios, filed a chapter 13bankruptcy petition (Dkt. No. 1). Debtors listed their primary residence in Schedule C with a value, as of the date of filling the petition, of $125,000.00. (Dkt. No. 1). As it appears from Schedule D, said property has a mortgage lien in the amount of $36,230.00. (Dkt. No. 1). Debtors claim a homestead exemption over their primary residence for the amount of $95,000.00, as stated in Schedule C, pursuant to the PR Home Protection Act. (Dkt. No.1).

The Trustee argues that the recent PR Home Protection is inapplicable to bankruptcy cases, and, as such, Debtor's homestead exemption must be disallowed. (Dkt. No. 15). The Trustee mainly relies on the specific waivers to the homestead exemption that the PR Home Protection Act incorporates in its Article 4and the ruling made in case: In re Hernandez, -- B.R.—2012 WL1255126*3 (Bkrtcy.D.Puerto Rico, Hon. E. Lamoutte). (Dkt. No. 36).

**II.   Discussion and analysis**

Under section 541 of the Bankruptcy Code, all of Debtors' assets become property of the bankruptcy estate upon filing of the bankruptcy petition. This, however, is subject to Debtors' right to reclaim certain property as exempt under section 522. 11 U.S.C. §522.

Article 4 of the PR Home Protection Act provides that the homestead protection is unwaivable, except in those circumstances expressly enumerated in said article. Applicable to this case, Article 4(d) provides that the homestead protection is waived in those cases where the Bankruptcy Code is applicable. Thus, by its plain terms, the protections, of the PR Home Protection Act are exclusive of the exemptions afforded by the Bankruptcy Code. Pursuant to Article

4 of the PR Home Protection Act, when Debtors filed for bankruptcy, they automatically waived the homestead protection provided therein. See In re Hernandez, -- B.R.—2012 WL1255126*3 (Bkrtcy.D.Puerto Rico, Hon. E. Lamoutte).

III.  Conclusion

WHEREFORE, IT IS ORDERED that the Trustee's Objection to Exemptions shall be, and it hereby is, GRANTED and Debtors' claim for homestead exemption pursuant to the PR Home Protection Act shall be, and it hereby is, DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico this 06 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge

CC:    DEBTOR(S)
       JESUS  SANTIAGO MALAVET
       ALEJANDRO  OLIVERAS RIVERA